

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61045-CIV-COHN/SNOW

CARLY S. LYEW, individually, and
on behalf of herself and all similarly
situated,

    Plaintiffs,

vs.

HOMEBANC MORTGAGE CORP., a
Delaware corporation,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS CAUSE is before the Court upon Plaintiff Carly S. Lyew's Motion to Strike Defendant's Affirmative Defenses [DE 14]. The Court has considered the Motion, Defendant's Response [DE 19], and Plaintiff's Reply [27], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Carly Lyew filed this motion to strike eight of Defendant Homebanc Mortgage Corp.'s defenses, as asserted in Defendant's Answer and Defenses to Plaintiff's Complaint ([DE 10]). In its response, Defendant agreed to voluntarily withdraw its Third, Sixth, Eleventh, and Twelfth Defenses, (Response, p. 3), so the Court does not consider the dismissal of these defenses on the merits. Defendant's Seventh, Eighth, Ninth, and Tenth Defenses remain at issue.

In addition to addressing Plaintiff's arguments, Defendant's Response also

requests that sanctions be imposed on Plaintiff for failure to confer in good faith before filing her Motion to Strike, pursuant to Local Rule 7.1(a)(3). Defendant alleges that Plaintiff's counsel contacted Defendant's counsel "minutes before the Motion's filing," and failed to discuss any of the particulars of that Motion with Defendant's counsel. (Response, p. 2.) In her Reply, Plaintiff alleges that Defendant's counsel, specifically Amanda Kunz, was contacted by Plaintiff's counsel prior to the filing of the Motion, but that Ms. Kunz "rushed the conversation" and refused to consider the issues in the Motion, stating only that "'of course we will be objecting to the filing of the motion.'" (Reply, p. 2.) Both Plaintiff and Defendant have submitted affidavits and copies of letters sent among the various counsel in this case in support of their respective allegations.

At the outset, the Court reminds the parties that Local Rule 7.1(a)(3) mandates more than simply notifying opposing counsel that a motion will be filed. Pursuant to this Rule, the parties must make "a good faith effort to resolve by agreement the issues to be raised in the motion." See Florida Local Rule 7.1(a)(3). Defendant's willingness to withdraw four of its defenses is precisely the kind of agreement that this local rule seeks to achieve *prior to* the filing of motions. That said, the Court does not find adequate cause in this instance to support the denial of Plaintiff's motion or the granting of attorney's fees on either side on the basis of failure to comply with Local Rule 7.1(a)(3). However, future failure to comply with Local Rule 7.1(a)(3) may result in sanctions.

II. STANDARD OF REVIEW

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "upon motion made by a party . . . the court may order stricken from any pleading any insufficient

2

defense." Although the court has broad discretion under Rule 12(f), "[m]otions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." E.g. Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1400 (7th Cir. 1991) (citations and internal quotations omitted). A court will strike a defense, or part of a defense, only when it has no possible bearing upon the subject matter of the litigation. Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958);[1] Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). A defense has no bearing on the case when it is patently frivolous or invalid as a matter of law. Anchor, 419 F. Supp. at 1000.

Affirmative defenses are also subject to the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires that the pleading contain a "short and plain statement" of the asserted affirmative defense. Fed. R. Civ. P. 8(a). Although Rule 8(a) does not obligate a defendant to set forth detailed and particular facts, a defendant must give the plaintiff "fair notice" of the grounds upon which the defense rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). A court must strike an affirmative defense if it contains nothing more than "bare bones conclusory allegations." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002). If an affirmative defense is valid as a matter of law, but fails to meet

---

[1] "The decisions of the United States Court of Appeals for the Fifth Circuit . . . as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

the requirements of Rule 8(a), a court may exercise its discretion to strike the affirmative defense without prejudice and grant the defendant leave to amend. Id.

### III. DEFENDANT'S SEVENTH AND EIGHTH DEFENSES

As its Seventh Defense, Defendant asserts that the case is not appropriate for certification as a collective action. (Answer and Defenses, p. 8.) Plaintiff argues in her Motion to Strike that this defense "is nothing more than a denial of Plaintiff's claims and fails to raise new facts or arguments that might defeat Plaintiff's Complaint, even if all the allegations in the Complaint are true." (Motion to Strike, p. 6-7.) In its Eighth Defense, Defendant asserts that the Plaintiff cannot bring a collective action because she is not similarly situated to the other members of the class. (Answer and Defenses, p. 8.) With respect to this defense, Plaintiff argues that "Defendant has not properly alleged an affirmative defense, instead simply denying that Plaintiff is entitled to the relief sought in Count II." (Motion to Strike, p. 7.) However, as Defendant notes, where a party labels a specific denial as a defense in its pleadings, courts generally treat the denial as though it were correctly labeled as part of the answer to the complaint. See Wright & Miller Federal Practice and Procedure: Civil 3d §1269. The key issue is whether "the plaintiff has been given 'plain notice' of the matters to be litigated, which is all the federal pleading rules require" Id. Defendant's Seventh and Eighth Defenses directly negate allegations in the Complaint that were intended to be placed in issue, namely, the Plaintiff's claims in Count II. Therefore, Defendant's denials in its Seventh and Eighth Defenses, even labeled as "defenses" gave adequate notice of the matters being litigated to the Plaintiff and should not be stricken.

4

## IV. <u>DEFENDANT'S NINTH DEFENSE</u>

In its Ninth Defense, Defendant asserts that its Seventh Amendment rights would be violated if this action proceeds as a collective action. (Answer and Defenses, p. 8.) This defense, according to Defendant's Response, is based on a theory that the plaintiffs to be combined in the collective action are so dissimilar that a joint trial would violate Defendant's Seventh Amendment right to a jury trial with regard to each individual plaintiff. (Response, p. 5.) Such a defense may be appropriate in response to Plaintiff's claims in Count II of the Complaint, which asserts a collective action claim against the Defendant. (Complaint, p. 5-6 [DE 1].) However, the statement of the defense in the Defendant's Answer and Defenses contains no allegations of a lack of similarity among the plaintiffs to be joined. This defense, as it appears in the Answer and Defenses, is not adequate to give the Plaintiffs "fair notice" of the legal or factual grounds on which the defense rests. See <u>Conley v. Gibson</u>, 355 U.S. at 47. Thus, Defendant's Ninth Defense should be stricken for failure to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and leave is granted for Defendant to replead this defense in accordance with the pleading requirements of the Federal Rules of Civil Procedure.

## V. <u>DEFENDANT'S TENTH DEFENSE</u>

In its Tenth Defense, Defendant asserts that "[t]he named Plaintiff and the members of the putative class action failed to state facts sufficient to support their claim for liquidated damages." (Answer and Defenses, p. 9.) Defendant argues in its Response that it "was required to plead that it acted in good faith to preserve its good faith defense." (Response, p. 6.) A claim of good faith could also potentially act as a

specific denial of Plaintiff's allegation in the Complaint that "HOMEBANC knew of and/or showed a willful disregard for the provisions of the FLSA . . ." (Complaint, ¶22.) However, the phrase "good faith" does not appear in Defendant's Tenth Defense; the Defense simply asserts that Plaintiff has failed to state a claim for liquidated damages. Furthermore, Defendant's defense of good faith appears more directly in its Fourth and Fifth Defenses, which Plaintiff does not challenge, and which will preserve Defendant's good faith defense. As such, the defense alleged in Defendant's Tenth Defense can have no bearing on this litigation and should be stricken.[2]

## VI. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 14] is **DENIED** as to Defendant's Seventh and Eighth Defenses.

2. Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 14] is **GRANTED** as to Defendant's Third, Sixth, Ninth, Tenth, Eleventh, and Twelfth Defenses, which shall be stricken from the pleadings.

3. Defendant is granted leave to amend its Answer and Defenses with respect to its Ninth Defense in accordance with this Order. Any amended Answer and Defenses shall be filed on or before October 20, 2006.

---

[2] The following bases may warrant a district court's denial of leave to amend: "'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment.'" Thomas v. Davie, 847 F.2d 771, 774 (11th Cir. 1988) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)).

4.  Defendant's request for sanctions and attorney's fees ([DE 19] at 2) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of October, 2006.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies to:

Susan H. Stern, Esq.
Denise L. Wheeler, Esq.
Ryan S. Ferber, Esq.
Romin Currier, Esq.